UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDUARDO GONZALEZ-VALENZUELA,<br>Plaintiff,<br><br>v.<br><br>CAMMILLA WAMSLEY, Field Office Director, Seattle Field Office, U.S. Immigration and Customs Enforcement, et al.,<br><br>Defendants. | CASE NO. 2:26-cv-03070-TL<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Petitioner's Emergency Motion for a Temporary Restraining Order ("TRO"). Dkt. No. 2. Having reviewed the motion, Respondents' response (Dkt. No. 6), and the relevant record, the Court DENIES the motion.

Petitioner seeks three forms of relief in his motion. First, he requests that the Court order Respondents "to immediately cease any interference with, and to promptly process and deliver, all of Petitioner's incoming and outgoing legal mail, including mail related to this action and Petitioner's immigration proceedings." Dkt. No. 2 at 6. Second, he requests that the Court order

Respondents "to file a written report with the Court within fourteen (14) days describing the cause of the mail delays . . . and the steps taken to correct them." *Id.* at 6–7. Third, he requests that the Court direct the Clerk and all Parties to "serve a courtesy copy of all orders, notices, and filings in this matter on Carmen Gonzalez," his sister. *Id.* at 7.

"A TRO is granted only if there is a true emergency which requires 'preserving the status quo and preventing irreparable harm.'" *Swaso v. Adelanto ICE Processing Ctr. Warden*, No. C25-2953, 2026 WL 1047030, at *1 (C.D. Cal. Feb. 11, 2026) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)). Although the Court recognizes the importance of Petitioner's ability to expeditiously send and receive mail while in immigration detention, the Court nonetheless agrees with Respondents that "the alleged threat of [Petitioner's] mail not being delivered is not imminent as required for preliminary injunctive relief." Dkt. No. 6 at 1. In other words, this is not an emergency. Moreover, mandatory relief—that is, where the Court "orders a responsible party to take action"—is disfavored. *See Lira v. Mullin*, No. C26-2064, 2026 WL 1709147, at *2 (W.D. Wash. June 12, 2026).

The Court also credits Respondents' argument that the "Court should not consider Petitioner's conditions of confinement as part of a 28 U.S.C. § 2241 habeas corpus petition." Dkt. No. 6 at 3. "[C]hallenges to conditions of confinement should be pursued in a civil rights action." *Id.* Indeed, Ninth Circuit courts have found that mail-delivery issues are properly pursued as conditions-of-confinement challenges, not habeas petitions. *See, e.g.*, *Flores Martinez v. Warden–Facility Adm'r Adelanto ICE Processing Ctr.*, No. C26-3443, 2026 WL 2324414, at *1 (C.D. Cal. Aug. 11, 2026); *Smith v. Adams*, No. C10-139, 2010 WL 399102, at *1 (N.D. Cal. Jan. 28, 2010); *Muhammad v. Sisto*, No. C09-2503, 2010 WL 3565788, at *1–2 (E.D. Cal. Sept. 9, 2010).

As to Petitioner's request that his sister be sent courtesy copies of "all orders, notices, and filings in this matter," on the grounds that "NWIPC's mail practices [are] unreliable" (Dkt. No. 2 at 2–3), Petitioner "has not supported his assertion of delays with any specifics." Order Denying Second Emergency Motion at 2, *Moran-Gomez v. Warden*, No. C22-2261 (W.D. Wash. July 17, 2026, Dkt. No. 13. Therefore, the Court will not impose an additional burden on the Clerk's Office at this time. Moreover, the Scheduling Order in this case has established a briefing schedule which takes into account that pro se petitioners detained at the NWPIC rely on the Postal Service for correspondence with the Court. *See* Dkt. No. 3 at 2. The Scheduling Order provides 14 days between the due date of Respondents' return brief (September 11, 2026) and the due date of Petitioner's traverse brief (September 25, 2026). *See id.* Should Petitioner require additional time to file his traverse (or relief from any other deadline), he may follow the procedure for enlarging the briefing schedule that is outlined in Paragraph 5 of the Scheduling Order. *See id.* If Petitioner requires an extension but is unable to reach counsel for Respondents, Petitioner may file a motion with the Court requesting additional time. Any such motion should include a description of the effort(s) made by Petitioner to meet and confer with Respondents' counsel.

Therefore, Petitioner's Emergency Motion for Temporary Restraining Order (Dkt. No. 2) is DENIED.

Dated this 1st day of September 2026.

Tana Lin
United States District Judge